**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FORESIGHT ENERGY, LLC, )<br>)<br>    Plaintiff, )<br>)<br>  vs. )<br>)<br>ACE AMERICAN INSURANCE COMPANY, )<br>et al., )<br>)<br>    Defendants. ) | Case No. 4:22-cv-00887-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to extend a temporary restraining order (TRO) granted by the St. Louis City Circuit Court enjoining the Defendant insurance companies from pursuing in a foreign jurisdiction the enforcement of arbitration clauses contained in the parties' insurance policies. For the reasons set forth below, the Court will grant the motion and set the matter for a hearing on Plaintiff's underlying motion for preliminary injunction.

### BACKGROUND

Plaintiff Foresight Energy, LLC, headquartered in St. Louis, Missouri, is a coal producer that owns and operates mining complexes in southern Illinois. In 2021, three of Plaintiff's coal mines sustained fire damage resulting in over $115 million in losses. At the time, Plaintiff carried "all risk" insurance through the Defendant insurers, Ace American Insurance Company, Allied World Assurance Company AG, Arch Reinsurance LTD, Argo RE LTD, Houston Specialty Insurance Company, Market

1

Bermuda LTD, Oil Casualty Insurance LTD, RSUI Indemnity Company, and Certain Underwriters at Lloyd's London.

Defendants denied all but $8.8 million of Plaintiff's claims, and, as relevant here, invoked arbitration clauses contained in five of the policies, mandating arbitration in London, Bermuda, and New York, respectively.  On August 17, 2022, Plaintiff filed a petition in state court asserting claims of breach of contract and vexatious refusal and seeking declarations of availability of coverage and invalidity of the arbitration clauses. (Doc. 3).  As pertinent to the present motion, Plaintiff centrally asserts that the arbitration clauses are unenforceable under Missouri's Uniform Arbitration Act, §435.530, prohibiting mandatory arbitration clauses in insurance contracts.  In connection with this theory, Plaintiff's petition seeks injunctive relief to prevent Defendants from filing suit in any foreign tribunal to enforce the arbitration clauses. Plaintiff submitted *ex parte* with its petition a proposed TRO, which the state court granted that same day, August 17, finding that temporary injunctive relief was the only way to prevent irreparable harm in the form of a competing lawsuit in a foreign jurisdiction.  (Doc. 4).  The court set the TRO to expire on August 26 and set a hearing on the motion for preliminary injunction for August 25.

Yesterday afternoon, August 24, on the eve of the state court hearing, Defendants removed the case to this Court.  After 10 p.m. that evening, Plaintiff filed a motion to extend the TRO for fourteen days to maintain the status quo while the parties briefed the matter for this Court.  This morning, August 25, Defendants filed a response (Doc. 13), and the Court held a hearing by videoconference, at which all parties were

2

represented and provided oral argument through counsel. The parties require resolution of the matter today, as the state court's TRO is set to expire tomorrow, August 26, and Plaintiff fears that Defendants may file suit in another jurisdiction in an earlier time zone. As such, the Court has had limited time to review the facts and relevant law, conduct an independent analysis under *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc), and draft its ruling on the matter. Given these circumstances and in an abundance of caution, the Court will extend the TRO for six days in order to maintain the status quo pending further briefing and consideration after a full hearing.

## DISCUSSION

### Legal Standards

In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the likelihood the moving party will succeed on the merits, (2) the threat of irreparable harm to the moving party; (3) the balance between this harm and the injury that granting the injunction will inflict on other parties; and (4) the public interest. *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013); *Dataphase*, 640 F.2d at 113. The inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The likelihood of success is the most important factor. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). This factor directs courts to ask whether the party requesting a preliminary injunction has a "fair chance of prevailing." *Planned Parenthood Minn., N. Dak., S. Dak. v. Rounds*, 530

F.3d 724, 732 (8th Cir. 2008) (en banc). A court does not decide whether the movant will "ultimately win." *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir. 1991). Instead, a court considers whether the movant's position is fairly supported by governing law. *Id.* The moving party bears the burden to establish the need for a preliminary injunction. *Chlorine Institute, Inc. v. Soo Line R. R.*, 792 F.3d 903, 914 (8th Cir. 2015).

**Analysis**

In support of its motion, Plaintiff contends that it will likely succeed on the merits, as this district has previously concluded that Missouri law preempts mandatory arbitration clauses in insurance contracts, *Foresight Energy, LLC v. Certain London Mkt. Ins. Companies*, 311 F. Supp. 3d 1085 (E.D. Mo. 2018), and Missouri courts apply Missouri law on this issue notwithstanding choice-of-law provisions, *Sturgeon v. Allied Professionals Ins. Co.*, 344 S.W.3d 205, 210 (Mo. App. E.D. 2011). Plaintiff further asserts that it will suffer irreparable harm without an extension of the TRO in that Defendants would likely commence other proceedings to enforce the arbitration clauses in a foreign jurisdiction as they have done in a prior, similar case, thus prompting Plaintiff to take preemptive action this time. *See e.g., U.S. for Use & Benefit of Capital Elec. Const. Co., Inc. v. Pool & Canfield, Inc.*, 778 F. Supp. 1088, 1092 (W.D. Mo. 1991) (granting a preliminary injunction to prevent compelled arbitration). Finally, Plaintiff submits that the balance of harms and public interest factors weigh in Plaintiff's favor, as Defendants will suffer no prejudice from a short delay, and Missouri's clear public policy disfavors mandatory arbitration clauses.

Defendants counter that *Foresight I* was wrongly decided and Missouri law does not apply here. Defendants suggest that Missouri has no public interest in preventing sophisticated parties from enforcing contractual rights that were fairly negotiated. Defendants further argue that they would be prejudiced by the extension of the TRO here as it impedes their ability to enforce their contractual rights in the proper forum as contemplated in the applicable policies. In sum, Defendants oppose the extension in that the state court's initial *ex parte* TRO was procedurally improper and unwarranted on the merits. At the same time, Defendants concede that additional time is needed to more fully brief the issues for this Court.

Having reviewed the record given the time frame, and having carefully considered the parties' arguments as presented in their briefs and at oral argument, the Court finds it appropriate to extend the TRO to maintain the status quo pending further briefing and examination. At least upon initial review of the cited caselaw, Plaintiff has demonstrated a likelihood of success on the merits and a risk of irreparable harm should the TRO be permitted to expire. Additionally, the Court agrees that the balance of harm and public interest factors weigh in Plaintiff's favor. Defendants have identified no prejudice beyond a short delay in litigating their contractual rights. By contrast, Missouri has a strong public interest in the proper application and adjudication of its public policy as expressed by statute.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion is **GRANTED**.  (Doc. 8). Defendants are enjoined from commencing any action or proceeding, or otherwise seeking any form of relief from, any court, arbitration tribunal, panel, or any other forum, whether foreign or domestic, against Plaintiff with respect to the claims set forth in Plaintiff's petition or taking any action to compel Plaintiff to arbitrate its claims or otherwise enforce the arbitration provisions contained in the policies at issue.

**IT IS FURTHER ORDERED** that Plaintiff shall post a security in the amount of $100 with the Clerk of the Court.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's motion for preliminary injunction is set for **August 31, 2022,** at **9:00 a.m.** in **Courtroom 12 North**.  Any party wishing to appear remotely must request accommodations by contacting chambers no later than August 29, 2022.

Dated this 25th day of August 2022.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE